```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF UTAH
_____

A. PAUL SCHWENKE,              )   **MEMORANDUM DECISION & ORDER**
                               )   **DENYING HABEAS PETITION**
          Petitioner,          )
                               )   Case No. 2:08-CV-467 TS
    v.                         )
                               )   District Judge Ted Stewart
STATE OF UTAH,                 )
                               )
          Respondent.          )
_____
```

Petitioner, A. Paul Schwenke, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies him.

### BACKGROUND

A jury convicted Petitioner of securities fraud, a second-degree felony, for which he was sentenced to one-to-fifteen years; attempted theft by deception, a third-degree felony, with a zero-to-five-year sentence; communications fraud, a second-degree felony, with a one-to-fifteen-year sentence; and pattern of unlawful activity, a second-degree felony, with a one-to-fifteen-year sentence.

On direct appeal to the Utah Court of Appeals, Petitioner raised the following errors: (1) violation of his right against double jeopardy; (2) erroneous jury instructions on elements of attempted theft by deception and communications fraud; (3) insufficient evidence to support convictions for securities and

---

[1] *See* 28 U.S.C.S. § 2254 (2011).

communications fraud and pattern of unlawful activity; (4) ineffective assistance of defense counsel; and, (5) erroneous amendment of the charge of theft to attempted theft by deception.[2]  The court declined to address these issues on the merits because they were inadequately briefed, violating the Utah Rules of Appellate Procedure.[3]  The first three issues were also rejected for merits review because they were not preserved in the trial court.  The Utah Supreme Court denied a petition for writ of certiorari.[4]

Petitioner's current petition to this Court attacks these alleged violations in his state-court criminal proceedings:  (1) double jeopardy; and (2) ineffective assistance of trial counsel in failing to adequately address issues of double jeopardy, real-estate conveyances, parol evidence, communications fraud, pattern of unlawful activity, subpoenaing attorney Smedley, and amendment of theft to attempted theft by deception.

The State responds to the petition, correctly arguing that these grounds are procedurally defaulted, as they were rejected on procedural grounds by the Utah Court of Appeals and denied further treatment by the Utah Supreme Court.

---

[2] *State v. Schwenke*, 2007 UT App 354U.

[3] *Id.* ¶ 1 (citing Utah R. App. P. 24).

[4] *State v. Schwenke*, 187 P.3d 232 (Utah 2008).

ANALYSIS

This Court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"[5]

Under Utah procedural law, Utah's appellate rules require an appellant to provide a brief containing a "statement of the issues presented for review" and arguments incorporating "the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issues not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on."[6] Further, an appellant, who does not argue in his opening brief that plain error or exceptional circumstances existed, is ineligible for appellate review of issues that could have been but were not raised at trial.[7]

---

[5] *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[6] Utah R. App. P. 24(a).

[7] *State v. Pinder*, 2005 UT 15, ¶ 45, 114 P.3d 551 ("'Under ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist.'" (quoting *State v. Nelson-Waggoner*, 2004 UT 29, ¶ 16, 94 P.3d 186)); *Coleman v. Stevens*, 2000 UT 98, ¶ 9, 17 P.3d 1122 ("[W]e will not consider matters raised for the first time in the reply brief.").

Based on the Court's review of Utah cases, these rules are "independent and adequate state procedural ground[s]" for dismissal of Petitioner's case in that they are "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'"[8] Under the federal law outlined earlier, this Court must therefore dismiss Petitioner's defaulted issues unless cause and prejudice or a fundamental miscarriage of justice redeems their default.[9]

Petitioner perhaps argues both cause and prejudice and a fundamental miscarriage of justice. Specifically, Petitioner asserts cause and prejudice stem from his lack of access to a law library and fundamental miscarriage of justice stems from his innocence based on the merits of his substantive claims.

The Court first examines cause and prejudice, as to Petitioner's assertion that his lack of access to a law library or certain legal resources provides a path to allow this Court to address his procedurally defaulted claims on the merits. "[T]o

---

[8] *See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)) (quotation omitted in original); *see, e.g., Peak Alarm Co. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 67 (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 50 (same); *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *State v. Pledger*, 896 P.2d 1226, 1229 n.5 (Utah 1995) (declining to consider on appeal issues not raised at trial, when defendant failed to argue plain error or exceptional circumstances); *State v. Womack*, 967 P.2d 536, 540 n.1 (Utah Ct. App. 1998) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue).

[9] *See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[10]  Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[11]

Petitioner has not done this.  Under Tenth Circuit case law, the lack of certain legal resources and legal knowledge does not carry Petitioner's burden to show cause.[12]  Indeed, this is a factor *internal* to Petitioner's defense.  Moreover, the fact that Petitioner listed a full page of legal citations at the beginning of his appellate brief belies his assertion that he had inadequate access to or understanding of the law.  The Court further notes that Petitioner "is not in the same position as most pro se litigants in that, as a disbarred attorney, he is law trained."[13]  Finally, it is the Utah Court of Appeals' determination *under state law* that Petitioner did not properly

---

[10] *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[11] *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

[12] *See also Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to adequately raise claims).

[13] *Schwenke*, ¶ 2, n.1.

follow briefing rules.  Although Petitioner hotly contests that determination, because it involves an interpretation of state law, it is not the kind of question that may be reviewed in a federal habeas proceeding.[14]

Finally, Petitioner suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition.  To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial.[15]  Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[16]  Petitioner is burdened with making "a proper showing of factual innocence."[17]

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies.  Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent.  This factual innocence

---

[14]*Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[15]*Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

[16]*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)).

[17]*Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

must also be supported with new evidence, which Petitioner has not provided.

In sum, the Court concludes that Petitioner's issues are procedurally defaulted.  And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar.  The Court thus denies Petitioner federal habeas relief.

## CONCLUSION

Petitioner's challenges are procedurally barred and do not qualify for exceptional treatment.  IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.  The Clerk of the Court is directed to close this case forthwith.

DATED this 15th day of September, 2011.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court